UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOLCIM (TEXAS) LIMITED PARTNERSHIP, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 05-CV-0270-B ECF |
| FIREMAN'S FUND INSURANCE COMPANY, | § § § | |
| Defendant. | § § | |

## MEMORANDUM ORDER

Before the Court is Defendant Fireman's Fund Insurance Company's ("FFIC") Motion to Dismiss, filed November 3, 2006 (doc. 41). At issue is whether the October 4, 2006 opinion of Texas's Tenth Court of Appeals, vacating the confirmed arbitration award as to Humboldt Wedag, Inc. ("HWI"), has caused the instant suit to become unripe for adjudication. Finding that Holcim (Texas) Limited Partnership's ("Holcim") claims are no longer ripe, the Court **GRANTS** Fireman's Fund Insurance Company's motion.

### I. BACKGROUND

On March 20, 2006, this Court issued a Memorandum Order (doc. 19) denying FFIC's original motion to dismiss because of the significant possibility that Holcim would be required to make payments to either HWI or Triad Electric & Controls, Inc. ("Triad") under either the state-court-confirmed arbitration award in favor of HWI or under a future judgment in pending litigation. (Mem. Order at 8, 11) At that time, the parties were awaiting a ruling in Holcim's appeal of the confirmed arbitration award. On October 4, 2006, the Tenth Court of Appeals vacated only the

1

portion of the arbitration award in favor of HWI. (*See* App. to Pl.'s Reply in Supp. of Its Mot. for Partial Summ. J., Ex. A) With leave of Court, FFIC filed a second motion to dismiss, requesting that the Court reevaluate the instant case in light of the decision of the Tenth Court of Appeals. The parties have briefed the issues and the Court now turns to the merits of its decision

## II. ANALYSIS

"A declaratory judgment action is ripe for adjudication only where an 'actual controversy' exists." *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000). In determining whether an actual controversy forms the basis of a declaratory judgment action, the Supreme Court has directed courts to consider "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). This determination is often difficult to make, as "[t]he difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree." *Id.*

Consideration of the instant motion turns on whether the controversy over the Bond is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court. Because the need for a determination of rights under the Bond is contingent on the outcome of HWI's and Triad's claims against Holcim, the Court primarily based its October 20, 2006 Memorandum Order on the Fifth Circuit's instruction to evaluate the likelihood that events upon which an injury is contingent will occur rather than require the contingencies to be fulfilled before relief can be requested. *Venator Group Specialty, Inc. v. Matthew/Muniot Family, LLC*, 322 F.3d 835, 840 (5th Cir. 2003); *see also Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir.

1993) (explaining that "the ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention"). At the time of this Court's prior order, Holcim's request for a declaratory judgment interpreting the Bond in its favor was based upon *both* a confirmed arbitration award *and* a pending lawsuit. Accordingly, the Court held that "Although [it] cannot say with certainty that Holcim will be required to make payments to at least one subcontractor either through the arbitration award or the lawsuit - there is at least a significant possibility of this eventuality." (Mem. Order at 8)

Now there no longer exists a confirmed arbitration award in favor of one of the subcontractors. Despite Holcim's mischaracterization of the Memorandum Order, this Court never held that pending litigation alone was sufficient to establish the ripeness of the instant action. Instead, the Court held that *together* the confirmed arbitration award and Triad's claims against Holcim created a significant possibility that Holcim would be found liable to one or both of the jilted subcontractors. The confirmed arbitration award presented a good probability that Holcim would be made to pay HWI for its work on the Midlothian Project, and this factored into the Court's finding that there was a significant possibility that Holcim would be held liable to one or both subcontractors. Currently, there are only a collection of claims against Holcim in various lawsuits, none of which have been adjudicated to a state of finality or near-finality. While anything is possible and there is a possibility that a court may find Holcim liable to HWI or Triad, this Court no longer considers such a finding a significant possibility. Without a significant possibility of a judgment against Holcim in favor of one of the aforementioned subcontractors, the parties' conflicting interpretations of the Bond do not constitute a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## III.  CONCLUSION

Because Holcim's claims are not ripe for adjudication, the Court **GRANTS** FFIC's Motion to Dismiss in its entirety.

**SO ORDERED**.

**SIGNED January 16th , 2007.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE